

LEO DORFMAN
LDORFMAN@SOKOLOFFSTERN.COM

November 9, 2020

**Via ECF**
Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

      Re:   *Maria Gargano v. Massapequa UFSD, et al.*
               Docket No.  20-CV-04780 (GRB) (ARL)

Your Honor:

      We represent Defendant Massapequa Union Free School District (the "District"). Under Rule II(f) of Your Honor's Individual Practices, we write to request a pre-motion conference in anticipation of moving to dismiss under Fed. R. Civ. P. 12(b)(1) and (6). Every one of Plaintiff's claims is time-barred—most by nearly a decade—and they are otherwise implausible.

      Plaintiff Marcia Gargano used to be a teacher in the District. In 2011—*nine years ago*—parents of students in Plaintiff's class complained that Plaintiff was inappropriate, unprofessional, and even abusive with her students. In response, the District scheduled Plaintiff for a mental health exam under Education Law §913. The examining psychiatrist found Plaintiff psychologically unfit to work in a classroom with young children, so the District had no choice but to remove her from the classroom. That same year, the District filed Education Law §3020-a charges against Plaintiff and held a hearing. In February 2014, the hearing officer found her not guilty. Plaintiff then worked in the District without incident until she retired in 2018. She waited until 2020 to bring this action.

      Plaintiff's 42 U.S.C. §1983 substantive due process and equal protection claims are time-barred. These claims have a three-year statute of limitations. *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997). Plaintiff's claims accrued, if at all, in 2011, when she had reason to know the District filed charges against her. *See Washington v. Cty. of Rockland*, 373 F.3d 310, 319 (2d Cir. 2004). Thus, her time to assert these claims expired in 2014, three years later, and six years ago.

      Also time-barred are Plaintiff's state law tort claims for intentional and negligent infliction of emotional distress, verbal harassment, unjustified threats of future harm ("Second Cause of Action"), and for abuse of process ("Fourth Cause of Action"). The same is true for what appear to be non-tort claims in the "Third Cause of Action." "Under New York Education Law § 3813(2)

... the statute of limitations for any tort claim against a school district is one year and ninety days [and][t]he limitations period for any non-tort claim against a school district is one year." *U.S.W.U. Local 74 Welfare Fund ex rel. Alladeen v. Monticello Cent. Sch. Dist., No. 13-CV-1779 ENV MDG*, 2014 WL 2214211, at *2 (E.D.N.Y. May 28, 2014). Like the federal claims, these state law claims accrued in 2011; they expired almost a decade ago.

Another bar to Plaintiff's state law claims is her failure to fully comply with the N.Y. Educ. Law § 3813(1) notice of claim requirements, which is a condition precedent to suit.

Even if Plaintiff's claims were not time-barred, she fails to plausibly allege them; her allegations against the District are purely conclusory. Plaintiff does not specify a "valid property interest," or allege the kind of "egregious or outrageous" conduct that would support a substantive due process claim. *Nardiello v. Town of Oyster Bay*, 2016 WL 1464557, at *4 (E.D.N.Y. 2016).

Plaintiff has no viable equal protection claim either. She does not allege she was treated singled out for unequal treatment due to membership in a protected class. Absent such allegations, plaintiff is relegated to a class-of-one claim. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). But the Supreme Court has held the class-of-one theory does not apply in this public employment context. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603-04 (2008).

It is not clear what claims Plaintiff means to assert in her "Third Cause of Action," which contains passing references to Education Law § 913, Executive Law Article 15 § 290 and § 296, "Municipal Law," and "Public Officers Law." However, Education Law §913 Education Law §913 does not provide a private cause of action. And she does not allege any prohibited discrimination to support a New York State Human Rights Law.

Similarly implausible are Plaintiff's remaining state law claims under her "Second" and "Fourth" causes of action. Plaintiff's intentional and negligent infliction of emotional distress claims fail for lack of extreme and outrageous conduct by the District. Nor was there any "harassment" or "threats of future harm." The abuse of process claim fails for lack of "an intent to do harm without excuse or justification" or "use of process in a perverted manner to obtain a collateral objective." *Ettienne v. Hochman*, 83 A.D.3d 888, 888 (2d Dep't 2011).

Finally, in the Complaint, Plaintiff makes passing reference to a "fraudulent scheme." Plaintiff does not appear to assert a separate fraud claim, but in any case, such a claim would be time-barred like rest. And Plaintiff does not plausibly plead fraud with particularity as required by CPLR 3016.

      Thank you for your consideration of this matter.

                                    Respectfully submitted,

                                    Sokoloff Stern LLP

                                    Leo Dorfman

cc:
Counsel for all parties [Via ECF]