# BARTLETT LLP

1001 FRANKLIN AVENUE   |   GARDEN CITY, NEW YORK 11530
TEL: 516.877.2900   |   FAX: 516.877.0732   |   www.bartlettllp.com

October 20, 2020

Hon. Gary Brown
United States District Court
Eastern District of New York
100 Federal Plaza, Central Islip, NY 11722

Re: *Gargano v. Massapequa UFSD and Dr. Randall Solomon*
Case No. 2:20-cv-04780

Dear Judge Brown:

Our firm, representing Randall Solomon, M.D., a psychiatrist in the private practice of his profession in Port Jefferson, New York, requests permission to move to dismiss the action pursuant to Rule 12(b)(6) at a pre-motion confernece

Dr. Solomon was requested to do a psychiatric evaluation of a tenured teacher, Maria Gargano, pursuant to Education Law §913. The teacher had complaints from parents of yelling and being sarcastic in her fourth grade classroom. She isolated and embarrassed students, yelling at them and telling one student, within earshot of another, that students should be afraid in class. One of her students who suffered severely from ADHD was confined by her in a storage closet because she thought he was undermedicated and out of control. A group of 5 or 6 parents at a meeting complained that she was cruel and mean to the students. She denied an allegation that she lined students up and questioned them about their parents' complaints.

Dr. Solomon evaluated the patient on three occasions in his office, 5/4/2011, 7/25/2012, and 5/8/2013, writing a report for each of those visits as well as a supplemental report on 6/7/2011, after receiving medical reports from the patient's treating physicians. These reports, including his, were sent to the School Board for their consideration in making their decision. Dr. Solomon gave only his opinions and his recommendations. He did not make any decisions regarding this teacher. His recommendation was she was mentally unfit to teach in the classroom.

At the initial visit, the patient admitted she suffered from loss of memory and refused to sign any authorizations for records initially. She then signed them but limited the authorizations only to provide information regarding injuries she sustained in a car accident in April 2010. She had been under the care of a psychiatrist and a psychologist and was seeing them both periodically.

On physical examination, Dr. Solomon found she had a constricted intense affect, her mood was depressed and anxious and she had an impaired recent and remote memory that was mild; poor judgment and insight; and poor frustration tolerance. Dr. Solomon's opinion was that this affected her ability to maintain appropriate interpersonal boundaries which compromised the safety and wellbeing of her students. He made no decisions. He was not an agent or employee of the School District. His last contact with the patient was his report of 5/8/2013. At the arbitration hearing, the arbitrator found that Ms. Gargano was not guilty and order her restored to her teaching position with back pay. She thereafter retired in May 2018, according to the complaint.

The action was commenced by filing a Summons and Complaint on 9/2/20, more than 7 years after the last contact of Dr. Solomon. He did not participate in the arbitration proceeding.

**BARTLETT LLP**

The defamation action has a one year Statute of Limitations (New York CPLR §2015); the negligence statute in New York is three years (CPLR §2014) for personal injuries; and a 1983 action is three years, citing the *Fields* case.

The plaintiff has three claims of fraud, none of which comply with the pleading requirements of even New York State Law or Federal Law.  The first claim is that Dr. Solomon did not tell her that she could name her own doctor to evaluate her under Education Law §913.  Paragraph 40 of her complaint demonstrates she was represented by an attorney at the time.  The School District had the right to pick a psychiatrist (Confer, *Claim of Hirsch*, 126 A.D.2d 782, 510 N.Y.S.2d 728 (3rd Dept. 1987).  The second claim of so-called fraud is that Dr. Solomon had no contract with the School District; did not bid for the assignment; and was paid under the table, all made in conclusory allegations with no factual basis.  A third claim of fraud is there was a conspiracy between Dr. Solomon and someone on the School Board for a predetermined result of finding the teacher unfit to teach.  There is no allegation as to who at the School Board had that conversation, when it occurred or any details.  This is inadequate. (Confer, *Fisk v. David Letterman*, et al, 401 F.Supp.2d 367 (SDNY 2005).  The Court in that case said that conclusory allegations are inadequate where the plaintiff pleads conspiracy and the pleadings must present facts tending to show agreement and concerted action.  Citing, *Rutherford v. Katonah-Lewisboro School District, et al*, 670 F.Supp.2d 230 (SDNY 2009).  The Court cited the leading case of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 171 LEd2nd 868 (2009) (quoting, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.CT. 1955, 167 LEd2nd 929 (2007), where the Supreme Court of the United States advised how to interpret pleadings on a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter . . . to "state a claim to relief that is plausible on its face" so the Court could draw the reasonable inference that the defendant is liable for the misconduct alleged."

The Court of Appeals in *Lerner, et al v. Fleet Bank, N.A*., 459 F.3d 273 (2d Cir. 2006), set forth New York Law and FCP 9B, which sets forth a heightened pleading standard for allegations of fraud.  New York Statutes require that in the pleading of fraud ". . . the circumstances constituting the wrong shall be stated in detail." (CPLR §3016b); and the material elements of each cause of action shall be pleaded (CPLR §3013).  (Confer, *Evans v. Ottimo*, 469 F.3d 278 (2d Cir. 2006).

An action under §1983 against a private practicing physician who is not a "state actor" must be dismissed.  Confer, *Bryant v. Steele,* 2020 W.L. 2797606 (EDNY 2020).

The plaintiff brought a claim before the New York State Division of Human Rights which was dismissed after investigation for the finding of no discrimination, on 5/11/2015.  She then made a claim before the U.S. Equal Employment Opportunity Commission which adopted those findings of the state and dismissed the claim.  Her election of remedies waived any right to make the same claim in either a state or federal court (New York Executive Law §297(9); and *Edner v. NYCTA-MTA*, 134 F.Supp.3d 657 EDNY (2015).  Beyond that, the Statute of Limitations for such a claim is 300 days, which is long past; Dr. Solomon was not her employer and not subject to the requirements of the Executive Law.  The decisions also constitute collateral estoppel and are therefore "the law of the case."

It is accordingly requested that the Randall Solomon, M.D. be permitted to move pursuant to Rule 12(b)(6) before Your Honor.

Sincerely,

*Robert Devine*

Robert Devine